**Stephen R. SMITH, Plaintiff–Appellant,**

v.

**J.C. LANATI, I/O, Charles York, I/O, Defendants–Appellees.**

No. 06–4430–cv.

United States Court of Appeals, Second Circuit.

March 26, 2008.

Stephen R. Smith, Stafford Springs, CT, Plaintiff–Appellant, pro se.

Stephen R. Sarnoski, Assistant Attorney General, Attorney General's Office, State of Connecticut, Hartford, CT, for Defendants–Appellees.

Present: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff–Appellant Stephen R. Smith, *pro se,* appeals from the August 21, 2006 judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*) granting defendants' motion for summary judgment and dismissing his civil rights complaint. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Jenkins v. City of New York,* 478 F.3d 76, 84 n. 4 (2d

Cir.2007). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A defendant public official is "entitled to qualified immunity if either (1) his actions did not violate clearly established law or (2) it was objectively reasonable for him to believe that his actions did not violate clearly established law." *Moore v. Andreno*, 505 F.3d 203, 208 (2d Cir.2007). A showing of probable cause for an arrest is a complete defense to claims of false arrest and false imprisonment, and an officer has probable cause to arrest when "officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins*, 478 F.3d at 84 (internal quotation marks omitted). The "probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir.2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) (rejecting the view that probable cause to arrest must be predicated on the offense that the arresting officer invokes)).

Here, there was no material dispute regarding the substance of the complainant's statements, which provided defendants with probable cause to believe that Smith had committed the crime of harassment in the second degree. *See* Conn. Gen.Stat. § 53a–183(a). ("A person is guilty of harassment in the second degree when ... with intent to harass, annoy or alarm another person, he communicates with a person ... by computer network ... or by any other form of written communication, in a manner likely to cause annoyance or alarm."). At the time of the arrest, Smith admitted that he sent an electronic communication to the complainant's mother, which, considered together with the other information provided to Lanati, reasonably appeared to have been transmitted with the intent to harass, annoy or alarm, in a manner likely to cause annoyance or alarm. Thus, despite the fact that Smith was charged with violating a standing criminal protective order which did not exist, because probable cause existed to arrest Smith for harassment, there was no constitutional violation. The District Court properly determined that Lanati and York were entitled to qualified immunity and dismissed the complaint.

We have considered Smith's arguments and find them to be without merit. For the reasons discussed, the judgment of the District Court is AFFIRMED.